NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAOWEI HE, | No. 14-71814 |
| Petitioner, | |
| v. | Agency No. A099-731-196 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:   BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Shaowei He, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").   We have jurisdiction under

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.   *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on He's knowing submission of a fabricated household registration document to the immigration court, and his submission of a counterfeit marriage certificate.   *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (adverse credibility determination reasonable under the "totality of circumstances"); *Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011) ("lies and fraudulent documents when they are no longer necessary for the immediate escape from persecution do support an adverse inference").   Thus, He's asylum and withholding of removal claims fail.   *See Jiang*, 754 F.3d at 740.

He's CAT claim also fails because it is based on the same testimony the agency found not credible, and He does not otherwise point to any evidence that compels the finding it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned.   *See id.* at 740-41.

Finally, we do not consider materials referenced in He's opening brief that were not part of the record before the agency.   *See Fisher v. INS*, 79 F.3d 955, 963

14-71814

(9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

**PETITION FOR REVIEW DENIED.**